**ORDERED.**

Dated: December 21, 2009

_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| VICTOR ELIAS TRUJILLO and ) | |
| MICHELLE MARIE TRUJILLO, ) | |
| ) | Case No. 4:09-bk-08297-EWH |
| Debtors. ) | |
| ) | **MEMORANDUM DECISION** |
| ) | |

## I. INTRODUCTION

Debtors seek recusal of the Court and reimposition of the automatic stay on a piece of commercial property. For the reasons set forth below, the Debtors are not entitled to the requested relief.

## II. FACTUAL AND PROCEDURAL HISTORY

Debtors Victor and Michelle Trujillo ("Debtors") filed for Chapter 11 bankruptcy on April 23, 2009 ("Trujillo Case"). Related Chapter 11 cases concerning Debtors' businesses, Skyline Cosmetic Dentistry, LLC (4:09-bk-09917-EWH, filed May 8, 2009) and Rosie T., LLC (4:09-bk-10039-EWH, filed May 11, 2009) are jointly administered under the Trujillo case number.

Rosie T., LLC is a single asset real estate case. The real property in question is a vacant, incomplete commercial building located at 1745 E. Skyline Drive, Building 4, Tucson, AZ 85718 ("Skyline Property"). On October 2, 2009, CIT Lending Services Corporation ("CIT") filed a Motion for Relief from Stay concerning the Skyline Property. A stipulated order signed by Debtors' counsel Eric Sparks ("Sparks") lifting the stay was signed by the Court on October 16, 2009.[1]

In August 2009, Debtors filed an adversary action (4:09-ap-00935-EWH) against CIT and several other defendants, including Pima County Development Services. The adversary action alleged that Pima County issued a fake certificate of occupancy to close escrow on the Skyline Property (owned by Rosie T., LLC) in order to receive funds from the federal government, and demanded $50,000,000.00 in punitive damages. Upon motion of the Debtors, the adversary was dismissed without prejudice on September 9, 2009.

By late fall, a conflict developed between Debtors and Sparks. Sparks moved to withdraw as counsel in all three cases on October 28, 2009. At a hearing on Sparks' withdrawal motion, held on November 17, 2009, the Court found that the attorney-client relationship was seriously impaired and authorized Sparks to withdraw, but only after a final hearing was held on a pending motion for relief from stay concerning Debtors' personal residence.[2]

---

[1] Debtors filed correspondence with the Court on November 10, 2009 (Docket #113) alleging that Sparks demanded Debtors give him permission to stipulate to the order lifting the stay or else he would quit.
[2] This hearing is scheduled for January 7, 2010.

On December 8, 2009, Debtors filed a Motion for Recusal ("Motion"), alleging that I should recuse from hearing the three cases due to my prior employment at Mesch, Clark & Rothschild, P.C., a firm which has represented Pima County, one of the parties Debtors may wish to sue in state court regarding the Skyline Property, and William Gansline ("Gansline"), the architect for the Skyline Property, another potential defendant[3]. The Motion requests the Court's recusal and also requests reimposition of the stay on the Skyline Property. The Motion also suggests that Debtors have been discriminated against by the Court because they are Hispanic.

## III. ISSUES

1. Have Debtors met the burden of proof necessary for their Motion for Recusal to be granted?
2. Are Debtors entitled to relief from the stipulated lift stay order on the Skyline Property?

## IV. JURISDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 1334, 157(b)(2), and 455. Under § 455, a motion to disqualify a judge must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *see also, e.g., United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.").

---

[3] Because the adversary action was dismissed without prejudice, the adversary's causes of action presumably may still be raised in state court.

3

## V. **DISCUSSION**

### A. Recusal

Under Federal Rule of Bankruptcy Procedure 5004(a), "a bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

Section 455 of Title 28 U.S.C. provides in pertinent part that:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned.
(b) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it…

The standard for a finding of perceived bias under Section 455(a) and (b)(1) is "whether a reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned." *In re Focus Media, Inc.*, 378 F.3d 916, 929 (9th Cir. 2004) (quoting *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000)). This is an objective standard from the viewpoint of a thoughtful and well-informed observer, not a "hypersensitive, unduly suspicious person." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996). The statute does not require recusal when the claim is based on "unsupported, irrational or highly tenuous speculation." *See In re Martinez-Catala*,

4

129 F.3d 213, 220 (1st Cir. 1997) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

The party moving for recusal has the burden of producing facts which would raise doubts about the judge's impartiality. *In re Betts,* 165 B.R. 233, 238 (Bankr. N.D. Ill. 1994). Actual bias or prejudice must be alleged and established by compelling evidence. *Balistrieri*, 779 F.2d at 1202. There is no basis for recusal when a motion does not contain any detailed information to explain the claimed bias or prejudice and instead provides a barrage of conclusory personal attacks. *In re Stoller*, 374 B.R. 618, 623 (Bkrtcy. N.D. Ill. 2007) (No basis for recusal where Debtor failed to carry his burden by not providing any detailed information to explain the alleged bias or prejudice).

Due to the very nature of the job, a judge must form an opinion about the merits of the case and occasionally the parties involved, but this does not constitute "personal bias or prejudice," and, therefore, disqualification should be viewed as an extraordinary occurrence. *Tucker v. Kerner*, 186 F.2d 79, 84 (7th Cir. 1950). Thus, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty not to sit where disqualified," *Laird v. Tatum,* 409 U.S. 824, 837 (1972) (citing *Tucker,* 186 F.2d at 85) (additional citations omitted).

In *Liteky v. United States*, 510 U.S. 540, 554 (1994), the Supreme Court held that the "extrajudicial source" doctrine applies to all of Section 455. The Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

5

*Id.* at 555 (emphasis added). The Court further held that the expression of some opinions may support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*

In the instant case, Debtors have alleged in their Motion that a conflict of interest or bias exists due to the Court's prior employment by a law firm that has represented parties involved in some way with the Skyline Property. The Motion also suggests the Court is biased against Hispanics. For reasons explained below, the Motion must be denied.

First, Debtors have not established by compelling evidence actual prejudice or bias. Similar to the debtor in the *Stoller* case, Debtors' Motion does not contain any detailed information to explain the claimed bias or conflict of interest.[4] The Motion states that the Court was a partner at Mesch, Clark & Rothschild from 1995-2000 and that firm was unable to represent Debtors in a possible lawsuit in state court against Pima County concerning the Skyline Property, due to the firm's prior representation of Pima County and Gansline in unrelated matters. The Motion does not allege that during my prior employment that I was personally involved in the firm's representation of Pima County and Gansline.[5] It merely states the aforementioned facts and asks for the Court's recusal. Similarly, no specific instance is cited which would support the

---

[4] It seems unlikely Debtors can meet that burden because the only contested issue the Court has decided to date in the jointly administered cases is the motion to permit Sparks to withdraw. At the hearing on that motion, Dr. Trujillo made it clear he no longer had any confidence in Sparks.

[5] The pleadings attached to the Motion indicate that Mesch, Clark & Rothschild represented Gansline in 2003 - over three years after my appointment as a bankruptcy judge.

6

suggestion that Debtors have been discriminated against by this Court because they are Hispanic.

Secondly, even if one assumes that the Motion does contain detailed enough information regarding the alleged bias or conflict, it is unlikely that a reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned, as is required under Section 455(a) and (b)(1). As stated above, recusal is not required when the debtor's claim is based on "unsupported, irrational or highly tenuous speculation." A conflict of interest caused by the Court's former law firm's connection to *possible* defendants in an as yet unfiled state action is tenuous speculation at best. Furthermore, Debtors have not shown that the Court's rulings and opinions in this case derive from an extrajudicial source or are the result of a high degree of favoritism or antagonism. In fact, the stay was lifted on the Skyline Property due to the parties' stipulation, not as a result of a decision by the Court after a contested proceeding.

Lastly, Section 455(b)(2) also does not apply in this case. While in private practice, I did not serve as a lawyer in the matter in controversy. Furthermore, it appears that Mesch, Clark & Rothschild's prior representation of Pima County and Gansline occurred in cases completely unrelated to Debtors' case. Moreover, Debtors are not actively engaged in litigation against Pima County or Gansline. Their adversary case was dismissed upon Debtors' motion in September 2009 and an unrelated state action was dismissed in May 2009.[6]

---

[6] *Rosie T., LLC v. Daz 1, LLC, et al*, Case Number C20065736, was dismissed for lack of prosecution on May 20, 2009 by Judge Paul Tang of Pima County Superior Court.

7

Accordingly, the Motion to Recuse must be denied.

**B. Relief from Stipulated Lift Stay Order**

Because the Motion also requests a reimposition of the stay against the Skyline Property, the Court will treat that portion of the Motion as a request for relief from judgment under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. Rule 60. Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A motion for relief from judgment under Rule 60(b) must be made within a "reasonable time," and if for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

The Debtors have requested as part of the Motion that the automatic stay be reinstated for the Skyline Property, but provide no basis under Rule 60(b) for the requested relief. Accordingly, the relief cannot be granted.

## VI. **CONCLUSION**

Debtors have not demonstrated that they are entitled to relief requested by the Motion and, accordingly, the Motion must be denied. An order consistent with this Memorandum Decision will be entered this date.

8

1 | Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Victor Elias Trujillo
Michelle Marie Trujillo
3918 W. Ina Road, Suite D-100
Tucson, AZ 85741

Skyline Cosmetic Dentistry, LLC
3918 W. Ina Road, Suite D-100
Tucson, AZ 85741

Rosie T., LLC
3918 W. Ina Road, Suite D-100
Tucson, AZ 85741

Eric Slocum Sparks
Eric Slocum Sparks, P.C.
110 S. Church Ave. #2270
Tucson, AZ 85701

Travis B. Hill
Carson Messinger Elliott
 Laughlin & Ragan, P.L.L.C.
3300 North Central Ave., Suite 1900
Phoenix, AZ 85012

U.S. Trustee's Office
230 North First Ave. #204
Phoenix, AZ 85003

9